

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DAVID PARDO )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:13-cv-14
)
)
THE FEDERAL AVIATION )
ADMINISTRATION )
)
    Defendant. )

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff David Pardo's ("Plaintiff") Motion for Summary Judgment and Defendant The Federal Aviation Administration's ("Defendant" or "FAA") Motion for Summary Judgment. Plaintiff is a previous employee of the FAA who submitted a Freedom of Information Act ("FOIA") request seeking documents. 5 U.S.C. § 552, et seq. Plaintiff seeks to have this Court determine whether the FAA conducted a reasonable search of its records when it did not search the email archives of its employee, Dale Roberts, and its disaster recovery tapes.

Plaintiff submitted FOIA requests on July 27, 2012, seeking:

> An email sent by Dale E. Roberts, AFS-220, to Anne Bechdolt, AGC-220, on June 14, 2010, 11:27 EST. That email indicates that it had been replied to, presumably by Ms. Bechdolt. I request that reply and any subsequent emails between Ms. Bechdolt, Mr. Dale, and anyone else, based on that conversation, as it pertains to a Request for Interpretation from a Mr. Keith Stamper, Chief Pilot of COMAIR, Inc.
>
> [A]ll documents pertaining to a May 14, 2010 Request for Interpretation from Mr. Keith Stamper of COMAIR Inc. Documents, including emails, should be in the possession of individuals within AGC and AFS that include Dale E. Roberts, AFS-220, Richard Clarke, AFS-200, Anne Bechdolt, AGC-220, and Jodi L. Baker, AFS-200, though there may be others. Please limit the search to June 10, 2010 to July 14, 2010. I also request the attachment to an email sent by Yvette Armstead, AGC-30, to Cynthia Wheeler, Quentin Barrett, and Scott Cooper on September 16, 2010 at 8:52am. The subject line is 'probationary template.' I request any and all emails between Anne Bechdolt, AGC-220, and Laura Montgomery, AGC-240, between April 28, 2010 and May 16, 2010.

On July 31, 2012, the FAA informed Plaintiff that it had received his FOIA requests and combined them into one request, Request 2012-6972. Generally, the FAA's protocol regarding FOIA requests is to identify the request with a tracking number and determine the divisions of the FAA most likely to have responsive documents. Requests are then sent to particular divisions to respond accordingly. When a FOIA request seeks documents or information located in email accounts, the FAA initially instructs employees likely to have responsive emails to search their accounts. The FAA maintains disaster recovery tapes that back up the FAA's email accounts. The disaster

2

recovery tapes are stored by a private contractor at a privately owned subterranean storage facility. The FAA does not search disaster recovery tapes in response to a FOIA request for email documents unless a search of the tapes is specifically requested, as searching those tapes is logistically difficult and expensive. After a FOIA request has been responded to, a requester may appeal to the Assistant Administrator for Finance and Management.

Upon receipt of Plaintiff's request on July 27, 2012, the FAA identified the divisions within the agency likely to have documents responsive to the request; the International Law, Legislation, and Regulations Division ("Regulations Division"), Flight Standards Services ("AFS"), and the Personnel and Labor Law Division ("Labor"), and distributed Plaintiff's request to those divisions.

In the Regulations Division, Rebecca MacPherson, formerly Assistant Chief Counsel of the Division, initially received Plaintiff's request and identified two portions of the request that the Division may have responsive documents for. Rebecca MacPherson reviewed the request for interpretation from Keith Stamper in order to help define her search and then did a comprehensive search of Anne Bechdolt's email account, specifically searching the term "Stamper" and the regulatory provisions mentioned in the request. The content of emails sent

during the request time period were reviewed, with special attention given to emails to and from employees in the AFS division. A review of Anne Bechdolt's paper documents was also conducted. Rebecca MacPherson also reviewed her own emails for communications to and from Anne Bechdolt, and asked Laura Montgomery to review her own emails for relevant content. As a result of these searches, seventeen pages of responsive documents were produced by the Regulations Division to Plaintiff without redaction on August 27, 2012.

The AFS Division identified its constituent division, AFS-200 as the section that may have responsive documents. Jarad Roach, the AFS-200 employee responsible for FOIA responses identified the AFS-200 employees likely to have documents responsive to Plaintiff's request: Jodi Baker and Dale Roberts. Plaintiff also listed Richard Clarke, a former employee of AFS-200, in his request as an individual likely to have responsive documents. However, Richard Clarke had retired from the FAA several months before Plaintiff's FOIA request, and his email account no longer existed at the time of the request. Jodi Baker and Dale Roberts searched their records extensively by reviewing individual emails and searching folders, neither discovered responsive documents. Jodi Baker searched both her inbox and archives, including subfolders, and Dale Roberts searched his inbox, sent, draft and trash folders using the term

"Pardo", the regulatory provisions at issue, and "Stamper". Dale Roberts did not have the archives feature enabled and therefore did not have archives to search. Mark Blazy was tasked with searching AFS-200's tracking system and shared hard drive using the terms "Pardo," "121.471," "§ 121.471(d)," and "Stamper", as a result one responsive document was found. In October 2012, Raymond Towles, informed Plaintiff of the additional responsive document that had been found, and the document was produced along with the letter.

On October 21, 2012 Plaintiff appealed the response to his FOIA request to the Assistant Administrator for Finance and Management alleging that the FAA conducted an inadequate search of records. In the appeal Plaintiff reiterated his request for all documents related to Keith Stamper's Request for Interpretation and indicated that, "[if] such emails or other documents are not available, a reasonable search would involve any appropriate backup tapes or files." In November 2012, the FAA responded to Plaintiff's appeal, informing him that his appeal was premature at that time due to the fact that the Labor Division had not yet responded to Plaintiff's initial request. On January 4, 2013 Plaintiff filed the case now before the Court, and on February 25 he filed an Amended Complaint.

In January 2013, the Labor Division received Plaintiff's FOIA appeal reiterating his request. The relevant section of

5

Plaintiff's request was an alleged email attachment sent by Yvette Armstead to Cynthia Wheeler, Quentin Barrett, and Scott Cooper on September 16, 2010 at 8:52am with subject line "probationary template." Elizabeth Head, a Senior Attorney in the Labor Division, instructed Yvette Armstead to search her email for the document and a responsive document was identified. On January 31, 2013, Stephen Dunn, an attorney in the Office of General Counsel produced the document attachment to Plaintiff.

AFS conducted a supplemental search of records in January 2013. An additional document was found in the tracking system as Mark Blazy had inadvertently failed to search the archives of the tracking system. Jodi Baker also expanded her search and found one additional responsive document in her archives folder. The documents were produced to Plaintiff on January 31, 2013, along with a fee estimate for three different search options regarding the FAA's disaster recovery tapes to have in the event that Plaintiff determined that request to be necessary. On February 4th, the FAA became aware that Jodi Baker's email was not included in the January 31 production and that email was then produced on February 5. Due to an error in email settings, the recipient information was not produced with the email, but Plaintiff received the full version of the email including recipient information on February 28. As of February 28, 2013 the FAA believed that it had completed an exhaustive search of

6

all locations likely to have responsive documents to Plaintiff's request, and all responsive documents had been produced.

The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006), citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). If the nonmovant fails to identify specific facts that demonstrate a genuine and material issue for trial, then the Court will grant summary judgment "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th

Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citing Felty, 818 F.2d at 1128).

FOIA cases are properly resolved on summary judgment once documents responsive to the FOIA request at issue have been identified. Wickwire v. Gavin, 356 F.3d 588, 590 (4th Cir. 1994). To obtain summary judgment in a FOIA case, the agency must show that there is no genuine dispute of material fact with regard to the agency's compliance with FOIA, viewing the facts in the light most favorable to the plaintiff. See Rein v. U.S. Patent and Trademark Office, 553 F.3d 353, 358 (4th Cir. 2009); Wickwire, 356 F.3d at 590. To fulfill its obligations under FOIA, an agency need only conduct a search that is "reasonably calculated to uncover all relevant documents." See Rein, 553 F.3d at 362; see also Ethyl Corp. v. Environmental Protection Agency, 25 F.3d 1241, 1246 (4th Cir. 1994) ("In judging the adequacy of an agency search for documents the relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it conducted a search reasonably calculated to uncover all relevant

documents." (internal citations and quotations omitted). "A 'reasonably calculated search' does not require that an agency search every file where a document could possibly exist, but rather requires that the search be reasonable in light of the totality of the circumstances." Rein, 553 F.3d at 364. Further, agencies are not required to look beyond the four corners of a request in formulating a search, "nor [are] they required to chase rabbit trails that may appear in documents uncovered during their search." Rein, 553 F.3d at 365.

To show the adequacy of its search in a motion for summary judgment, the FAA "may rely upon reasonably detailed, nonconclusory affidavits and declarations submitted in good faith." Freeman v. U.S. Dep't of Justice, Case No. 86-1073, 1986 WL 18310, at *2 (4th Cir. Dec. 29, 1986). This Court, therefore, may award summary judgment based upon information in the declarations when they show that the agency conducted a reasonable search. See Rein, 552 F.3d at 377 (affirming summary judgment that agency's search was adequate where searches described in declarations were reasonable and court had no reason to doubt credibility of the declarants).

Upon receipt of Plaintiff's request for documents pursuant to FOIA, 5 U.S.C. § 552 et seq., the FAA conducted a comprehensive search of every FAA location likely to have documents responsive to Plaintiff's request and subsequently

9

produced all responsive documents, in their entirety, to Plaintiff. The FAA began its search by identifying all appropriate search locations likely to contain responsive documents in light of Plaintiff's request. Plaintiff identified multiple individuals in his request and each of their divisions of employment were identified as locations to be searched. Individual requests were transmitted to the International Law, Legislation, and Regulations Division, Flight Standards Services, and the Personnel and Labor Law Division, and FAA employees within those divisions conducted extensive and specific searches pursuant to Plaintiff's request. The FAA has produced declarations detailing its comprehensive search of each location. The declarations indicate that each location identified by Plaintiff was searched, as well as additional locations likely to contain documents, and each search was conducted in good faith and in a manner reasonably calculated to uncover all relevant documents.

Plaintiff has conceded to the fact that the FAA has mostly complied with its obligations under FOIA, and narrows the issues in this case to the lack of a search of Dale Roberts' email archives and the lack of a search of the FAA's disaster recover tapes, which he argues is required in order to adequately produce all responsive documents. According to the submitted declarations, Dale Roberts did not enable his email archives

feature and therefore does not have archives to search. Dale Roberts searched all of his email folders upon the initial request, and at the time of Plaintiff's appeal, there is no evidence to the contrary, and his search was adequate.

Additionally, throughout the administrative process, Plaintiff never requested a search of the FAA's disaster recovery tapes. Plaintiff's initial FOIA request made no specific mention of the disaster recovery tapes, nor did his administrative appeal. Plaintiff's administrative appeal did, however, assert his opinion that a reasonable search would involve any appropriate backup tapes or files. Plaintiff did not submit an additional or supplemental search request regarding the disaster recovery tapes, but instead, in his appeal of his initial request, stated his belief that a responsive search by the FAA under FOIA would include backup tapes. If Plaintiff at any point determined that the scope of his initial FOIA request was insufficient, he had the opportunity to then submit an additional request. In the event that the Plaintiff chose to do so, the FAA provided him with a cost estimate and various options to search the disaster recovery tapes, in January 2013. Plaintiff asserts that he is exempt from payment of the fees because 5 U.S.C.A. § 552(a)(4)(A)(viii) provides that an agency cannot asses search fees if they fail to comply with the time limit. Title 5

U.S.C.A. 552(a)(6)(A) requires that the agency determine within 20 days of the receipt of a request, excluding weekends and public holidays, whether to comply or notify the requestor otherwise, and a determination as to an appeal must be within 20 days as well. Plaintiff's asserted opinion in an appeal document as to how the FAA should conduct its search does not create a new request, nor does it begin to run the 20 day period outside of which Plaintiff would not be required to pay the fee associated with the search of the disaster recovery tapes.

Plaintiff has not pointed to anything that would require the FAA to search the disaster recovery tapes. Additionally, Plaintiff has received the fee estimate for a search of the disaster recovery tapes and has not yet selected which search option he prefers, or attempted to the pay the fee. Therefore, Plaintiff cannot now argue that a search of the tapes was required to make the search adequate and responsive under FOIA based on an initial request that did not reference backup or disaster recovery tapes, and an appeal that made passing reference to back up tapes.

Lastly, the FAA has made a showing that a search of the disaster recovery tapes would be unduly burdensome and would be unlikely to recover responsive documents in addition to those already produced to Plaintiff. The search conducted by the FAA was responsive to Plaintiff's request, and was adequate and

reasonable in light of Plaintiff's request.  The FAA complied with its FOIA obligations and therefore summary judgment should be granted to Defendant.  An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July _10_, 2013